UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| THOMAS EARL TWO BULLS, SR.,<br><br>Plaintiff,<br><br>vs.<br><br>JONATHAN MAMMINHAM, Police Officer at Sioux Falls Police Department, in his individual capacity,<br><br>Defendant. | 4:26-CV-04038-KES<br><br>ORDER DENYING PLAINTIFF'S MOTION TO AMEND, GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL, AND REQUIRING PLAINTIFF TO PAY AN INITIAL PARTIAL APPELLATE FILNG FEE |

Plaintiff, Thomas Earl Two Bulls, Sr., an inmate at the Rapid City Community Work Center, filed a pro se prisoner civil rights lawsuit. Docket 1. This court granted Two Bulls' motion for leave to proceed in forma pauperis and ordered him to pay an initial partial filing fee of $12.00 by March 28, 2026, warning him that failure to do so would result in dismissal without prejudice of his complaint. Docket 5. Two Bulls did not comply with the court's order to pay an initial partial filing fee, and the court dismissed Two Bulls' complaint without prejudice for failure to prosecute. Docket 7 at 2.

Two Bulls has filed a notice of appeal from the judgment of dismissal entered against him for failure to prosecute. Docket 10. He moves for leave to proceed in forma pauperis on appeal and provided a prisoner trust account report. Dockets 11, 12. Two Bulls also moves for leave to file an amended complaint. Docket 9.

## I.      Motion to Amend

"[A]fter a court dismisses a complaint, a party's right to amend under Rule 15 terminates." *Geier v. Mo. Ethics Comm'n*, 715 F.3d 674, 677 (8th Cir. 2013) (citation omitted). If the dismissal of the complaint also constitutes dismissal of the action, it is inappropriate for a district court to grant a motion to amend. *Id.* (citation omitted). Here, when the court dismissed Two Bulls's complaint, the court dismissed the action for failure to prosecute and entered a judgment without prejudice against Two Bulls. Dockets 7, 8.

Further, even if it were permissible for Two Bulls to file a post-judgment motion to amend the complaint, Two Bulls has not complied with the District of South Dakota's local rules which require "any party moving to amend or supplement a pleading [to] attach a copy of the proposed amended pleading to its motion to amend with the proposed changes highlighted or underlined so that they may be easily identified." D.S.D. Civ. LR 15.1; *see also Ellis v. City of Minneapolis,* 518 F. App'x 502, 504–05 (8th Cir. 2013) (per curiam) (recognizing that the Eighth Circuit has "repeatedly held that a district court does not abuse its discretion in denying leave to amend when the party seeking leave has failed to follow procedural rules or failed to attach the proposed complaint."). For these reasons, Two Bulls's motion to amend, Docket 9, is denied. Because Two Bulls's complaint was dismissed without prejudice, he is not prohibited from filing a new case—if he pays the civil filing fee or files a motion for leave to proceed in forma pauperis along with his new complaint.

## II.   Motion for Leave to Proceed In Forma Pauperis on Appeal

Under the Prison Litigation Reform Act ("PLRA"), a prisoner who "files an appeal in forma pauperis . . . shall be required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1). This obligation arises "the moment the prisoner . . . files an appeal." *Henderson v. Norris*, 129 F.3d 481, 483 (8th Cir. 1997) (per curiam) (omission in original) (quoting *In re Tyler*, 110 F.3d 528, 529–30 (8th Cir. 1997)). "When an inmate seeks pauper status, the only issue is whether the inmate pays the entire fee at the initiation of the proceeding or over a period of time under an installment plan." *Id.* (footnote omitted) (quoting *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997)). "[P]risoners who appeal judgments in civil cases must sooner or later pay the appellate filing fees in full." *Id.* (citing *Newlin v. Helman*, 123 F.3d 429, 432 (7th Cir. 1997)). In *Henderson*, the Eighth Circuit Court of Appeals outlined "the procedure to be used to assess, calculate, and collect" appellate filing fees in compliance with the PLRA. *Id.* First, the court must determine whether the appeal is taken in good faith. *Id.* at 485 (citing 28 U.S.C. § 1915(a)(3)). Then, so long as the prisoner has provided the court with a certified copy of his prisoner trust account, the court must "calculate the initial appellate partial filing fee as provided by § 1915(b)(1), or determine that the provisions of § 1915(b)(4) apply." *Id.* The initial partial filing fee must be 20 percent of the greater of:

(A)   the average monthly deposits to the prisoner's account; or

(B)   the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal.

3

28 U.S.C. § 1915(b)(1).

A party permitted to proceed in forma pauperis in the district-court action may proceed in forma pauperis on appeal without further authorization unless the district court "certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis[.]" Fed. R. App. P. 24(a)(3). It appears that Two Bulls' appeal is taken in good faith. Two Bulls' prisoner trust account report shows an average monthly deposit of $40.00 and an average monthly balance of $20.00. Docket 12. Based on the information in Two Bulls' prisoner trust account report, the court grants Two Bulls leave to proceed in forma pauperis on appeal, but he must pay an initial partial filing fee of $8.00 (20 percent of his average monthly deposits). Two Bulls must pay the initial partial filing fee of **$8.00 by June 10, 2026**.

## III.  Conclusion

Thus, it is ORDERED:

1.   That Two Bulls' motion to amend (Docket 9) is denied.

2.   That Two Bulls' motion for leave to proceed in forma pauperis on appeal (Docket 11) is granted. Two Bulls must make a payment of **$8.00 by June 10, 2026**, made payable to the Clerk, U.S. District Court.

3.   That the Clerk of Court will send a copy of this order to the appropriate financial officer at Two Bulls' institution.

4

4.    That the institution having custody of Two Bulls is directed that whenever the amount in Two Bulls' trust account, exclusive of funds available to him in his frozen account, exceeds $10.00, monthly payments that equal 20 percent of the funds credited the preceding month to Two Bulls' trust account shall be forwarded to the U.S. District Court Clerk's Office under 28 U.S.C. § 1915(b)(1), until the $605 appellate filing fee is paid in full.

Dated May 11, 2026.

BY THE COURT:

/s/ *Karen E. Schreier*

KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE

5